11-4003-cr
United States v. Watts

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**
**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand twelve,

Present:     JOHN M. WALKER, Jr.
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                     *Circuit Judges.*

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

                     *Plaintiff-Appellee*,

             -v-                                          11-4003-cr

RODNEY WATTS,

                     *Defendant-Appellant,*

COURTNEY DUPREE, THOMAS FOLEY,

                     *Defendants*,

EMILIO SERRANO, MICROSOFT CORPORATION, AMALGAMATED BANK,

                     *Interested Parties.*

─────────────────────────────────────────────


Appearing for Appellant:     Marion Bachrach, DePetris & Bachrach, LLP (Ronald E. DePetris, *on the brief*), New York, N.Y.

Appearing for Appellee:      Peter A. Norling, Assistant United States Attorney for the Eastern District of New York (Loretta E. Lynch, United States Attorney, Brian D. Morris, Assistant United States Attorney, *on the brief*), Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of said District Court be **DISMISSED AS MOOT** and the matter is hereby **REMANDED** for further proceedings consistent with this order.

Rodney Watts appeals from the orders entered on September 13 and September 21, 2011 in the United States District Court for the Eastern District of New York (Matsumoto, *J.*) requiring $633,499.24 restrained by the government without probable cause to be paid into the court's registry rather than released to Watts to fund his defense. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

While this appeal was pending, the government proceeded to trial against one of Watts' co-defendants, Courtney Dupree, obtaining a conviction on December 30, 2011. The *Dupree* jury determined the funds at issue in this appeal were subject to forfeiture on January 3, 2012. The district court entered a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b). The government argues the jury finding and preliminary order of forfeiture moot Watts' appeal. We agree.

The district court's finding that the government lacked probable cause to continue to restrain the funds at issue did not bar the government from seeking the forfeiture of the funds following a trial based on a preponderance of the evidence standard. *See* Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Premises and Real Prop. at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1265-66 (2d Cir. 1989) ("the illegal seizure of property, standing alone, will not immunize that property from forfeiture, so long as impermissibly obtained evidence is not used in the forfeiture proceeding"). Of course, Watts is free to pursue his claims against the subject funds in a post-trial ancillary proceeding. *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c)(1); *see also De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006)("[C]riminal forfeiture is not a measure restricted to property owned by the criminal defendant . . . .The likelihood that some property involved in an offense will be owned by persons other than the criminal defendant is reflected in the provision for an ancillary proceeding").

Accordingly, the appeal from the judgment of the district court hereby is **DISMISSED AS MOOT** and the matter **REMANDED** for further proceedings consistent with this order. Each party shall bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2